NS:SK/MRG/TBM/GM
F. #2021R00053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOHN PENA,
    also known as "Tragedy,"
"Don Tragg," "Last Don"
and "Money Baggz,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**1:21-cr-00176(AMD)(CLP)**

SUPERSEDING
INDICTMENT

Cr. No. <u>21-176 (S-1) (AMD)</u>
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(d)(1), 924(j)(1), 1959(a)(1), 2 and
3551 <u>et seq.</u>; T. 21, U.S.C.,
§§ 841(b)(1)(C), 841(b)(1)(D),
846, 853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

The Enterprise

1.     The Gorilla Stone Mafia (the "Gorilla Stone Mafia" or the "Enterprise") was a subgroup, or "set," of the nationwide Bloods street gang.  The Gorilla Stone Mafia was comprised primarily of individuals residing in and around the Stapleton neighborhood of Staten Island, New York.

2.     In the 2000s, certain individual sets of the Bloods began operating on the east coast of the United States, including in New York, under what became known as the "Untouchable Gorilla Stone Nation," also known as "Gorilla Stone" or "UGSN."  UGSN was, in turn, composed of multiple sets known as "caves" or "kaves," which included the

Gorilla Stone Mafia, among others. Despite having different names and being comprised of individuals from different areas of New York and elsewhere, each set of the UGSN, including the Gorilla Stone Mafia, maintained common communication codes, rituals and gestures.

3. The Gorilla Stone Mafia, including its leadership, members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

4. The Gorilla Stone Mafia, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) multiple acts involving murder, in violation of New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; (b) multiple acts involving robbery, in violation of New York State Penal Law Sections 160.15, 160.10, 160.05, 110.00, 105.15 and 20.00; (c) multiple acts indictable under Title 18, United States Code, Sections 471, 472 and 473 (counterfeiting); (d) multiple acts indictable under (i) Title 18, United States Code, Section 1028 (fraud and related activity in connection with identification documents), (ii) Title 18, United States Code, Section 1029 (fraud and related activity in connection with access devices), (iii) Title 18, United States Code, Section 1343 (wire fraud), and (iv) Title 18, United States Code, Section 1344 (bank fraud); and (e) multiple offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

Purposes of the Enterprise

5. The purposes of the Gorilla Stone Mafia included the following:

(a) promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(b) preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including murder, robbery and assault;

(c) keeping victims and rivals in fear of the Enterprise and its members and associates; and

(d) enriching the members and associates of the Enterprise through criminal activity, including drug trafficking, gun trafficking, robbery, fraud and trafficking in stolen identities.

Means and Methods of the Enterprise

6. Among the means and methods by which the members of the Enterprise and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a) Members of the Enterprise and their associates committed, attempted to commit, agreed to commit and threatened to commit acts of violence, including acts involving murder, robbery and assault, to enhance the Enterprise's prestige and protect and expand the Enterprise's criminal operations.

(b) Members of the Enterprise and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations.

(c) Members of the Enterprise and their associates used, attempted to use and conspired to use drug trafficking, gun trafficking, robbery, fraud and trafficking in stolen identities as a means of obtaining money.

### The Defendant

7. The defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," was a member and the leader of the Gorilla Stone Mafia.

### COUNT ONE
(Murder In-Aid-Of Racketeering)

8. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, for the purpose of maintaining and increasing position in the Gorilla Stone Mafia, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Mark Bajandas, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT TWO
(Causing Death Through Use of a Firearm)

10. On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the use of a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, did knowingly and intentionally

cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that PENA, together with others, with malice aforethought, did unlawfully kill, and cause the killing of, Mark Bajandas willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT THREE
(Felon in Possession of Ammunition)

11.     On or about March 10, 2021, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: .357 caliber Sig ammunition manufactured by L-Tech Enterprises Inc.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base)

12.     In or about and between August 2019 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN PENA, also known as "Tragedy," "Don Tragg," "Last Don" and "Money Baggz," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance; and (b) a substance

containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

13. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922 and 924, including but not limited to .357 caliber Sig ammunition manufactured by L-Tech Enterprises Inc., seized on or about March 10, 2021, in Staten Island, New York.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FOUR</u>

15. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2021R00053
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOHN PENA,

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 924(j)(1), 1959(a)(1), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(C), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
                                                    *Clerk*

Bail, $ _____  _____

*Matthew R. Galeotti, Assistant U.S. Attorney, (718) 254-6340*