UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                  :

**UNITED STATES OF AMERICA**,                   :

                                                                   :

             – against –              :     **MEMORANDUM DECISION AND ORDER**

                                                                   :

**JOHN PENA**,                                              21-CR-176 (AMD)

                                                                   :

                     Defendant.               :

                                                                   :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        At the September 3, 2024 pretrial conference, the Court reserved decision on certain requests from the parties' motions *in limine*. For the reasons explained below, the Court grants the government's request to admit select portions of body worn camera footage, grants in part and denies in part the government's request to admit certain rap lyrics, and denies the defendant's motion to preclude Walter Collier from testifying about ShotSpotter technology.

        First, the Court grants the government's request to admit select portions of body worn camera footage (ECF No. 79) and denies the defendant's request to preclude this evidence (ECF No. 82). The portions that the government submitted for the Court's review are relevant and not unduly prejudicial. This evidence tends to show the cause and manner of the victims' deaths, the location of the victims' bodies, and corroborates anticipated testimony about the events surrounding the deaths of the victims. Nor is it unduly prejudicial, misleading or needlessly cumulative.

        Second, the Court denies the government's request to admit the lyrics of co-conspirators and rival gang members, except the lyrics in "Why You Lie For" in which a rival gang member taunts the defendant. The lyrics in "Why You Lie For" are relevant because the defendant

responds by repeating these lyrics in a video, and they are evidence of the defendant's motive for the murder of Mark Bajandas.  The other lyrics are not relevant, as they are about "generic lawlessness" or promoting gangs and loyalty.  *United States v. Ayers*, No. 20-CR-239, 2024 WL 1158686, at *7 (E.D.N.Y. Mar. 18, 2024).  The lyrics about the alleged "efforts to hunt down rivals and violently assault them," including saved notes from a co-conspirator's cell phone that say, "I'm posted on Stan, Wit the chop[/] Don't try to spin through[/] Brody letting it flock," read more like "vapid posturing than confessions or plans about specific criminal conduct."  *Id.* (internal quotation marks and citation omitted); *see also United States v. Jordan*, No. 20-CR-305, 2024 WL 343970, at *7 (E.D.N.Y. Jan. 30, 2024) ("Courts should be wary of overly permissive rules allowing the use of rap lyrics and videos against criminal defendants at trial.  Some of the themes of violence and criminality have become so prevalent within the genre that they have little, if any, probative value at trial.").  The Court will rule on additional proffers of rap lyrics on a case-by-case basis consistent with this ruling and the Court's ruling during the pretrial conference.

Third, the Court denies the defendant's motion to preclude Walter Collier from testifying about ShotSpotter technology.  (See ECF No. 82 at 5.)  Collier is qualified to serve as an expert under FRE 702.  He has worked for the company that owns ShotSpotter for a decade, and he has provided expert testimony on this topic in over 130 cases, including in this District.  *See United States v. Agoro*, et al., No. 20-CR-293 (E.D.N.Y.); *United States v. Joseph*, No. 20-CR-603 (S.D.N.Y.).  It is not disqualifying that Collier does not have a degree in engineering.  *See J.A.R. v. State*, 374 So. 3d 25, 30–31 (Fla. Dist. Ct. App. 2023) (rejecting the same argument about this same expert).

The Court also declines to hold a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), on the reliability of ShotSpotter technology. The Second Circuit has explained that Daubert does not require a district court to hold a Daubert hearing as long asthe district court ascertains the reliability of the expert's methodology. *United States v. Williams*, 506 F.3d 151, 161 (2d Cir. 2007). "This is particularly true if, at the time the expert testimony is presented to the jury, a sufficient basis for allowing the testimony is on the record." *Id.*

"[I]n assessing reliability, the district court should consider the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony is the product of reliable principles and methods; and (3) that the witness has applied the principles and methods reliably to the facts of the case." *Id.* at 160–61 (cleaned up). "But these criteria are not exhaustive." *Id.* "Daubert enumerated a list of additional factors bearing on reliability that district courts may consider: (1) whether a theory or technique has been or can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the technique's known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether a particular technique or theory has gained general acceptance in the relevant scientific community." *Id.* (cleaned up). Daubert's listed factors "neither necessarily nor exclusively applies to all experts or in every case." *Id. (*cleaned up). "Rather, the district court's inquiry into the reliability of expert testimony under Rule 702 is a 'flexible one.'" *Id.* (cleaned up).

As an initial matter, to the extent the defendant is correct that "ShotSpotter refuses to subject its product to independent testing" (ECF No. 82 at 6), this slightly weighs against reliability. However, this fact does not obligate the Court to find ShotSpotter technology

3

unreliable. *See State v. Hill*, 288 Neb. 767, 794 (2014) ("It was neither untenable nor unreasonable for the trial court to conclude that the absence of blind testing did not seriously undermine the reliability of the ShotSpotter system in northeast Omaha."). Moreover, the defendant does not "challenge the underlying GPS triangulation methodology upon which the ShotSpotter location is based" — a methodology that other courts have found reliable under *Daubert* and equivalent state evidentiary rules. *See State v. Hill*, 288 Neb. 767, 793 (2014); *J.A.R. v. State*, 374 So. 3d 25, 27 (Fla. Dist. Ct. App. 2023); *People v. Brewer*, 2024 WL 3518409, at *25 (Cal. Ct. App. July 24, 2024) (unpublished).

The defendant's reliance on *United States v. Godinez*, 7 F.4th 628 (7th Cir. 2021), is misplaced. In that case, "the system [first] identified two gunshots," which were "return fire," not shots by the defendant. *Id.* Then, "after Chicago police contacted ShotSpotter and asked them to search for additional audio clips, the system identified five more preceding shots," which the government introduced on the theory that that the defendant fired those shots. *Id.* Under these circumstances, the Seventh Circuit held that the ShotSpotter methodology "deserv[ed] a more thorough exploration by the district court." *Id.* That is not the case here. The defense contends that the ShotSpotter initially picked up "6 shots" when "8 shots were actually fired." (ECF No. 82 at 2.) The government contends that the ShotSpotter picked up 12 shots. (ECF No. 84 at 2.) Regardless of which number is correct, the defense does not contend that any of these shots were "return fire," or that they were not the shots that killed Bajandas. In other words, there is no dispute that the ShotSpotter picked up the sound of gunshots, all of which were related to the murder of Bajandas. Accordingly, this evidence does not "implicate[] that system's methodology" as it did in *Godinez*, and the defendant's motion is denied. 7 F.4th at 638.

4

**SO ORDERED.**

                                                                     s/Ann M. Donnelly

                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated:  Brooklyn, New York
          September 9, 2024